NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEATHER STERN; BROOKE RANDOLPH; JOHN GIRARD; MARTIN SCHNALL; NATHAN RIENSCHE; KELLY LEMONS, on behalf of themselves and all others similarly situated, | No. 10-56929 <br><br> D.C. No. 8:09-cv-01112-CAS-AGR <br><br> MEMORANDUM[*] |
| Plaintiffs - Appellees, | |
| v. | |
| MARC GAMBELLO; GENE HOPKINS, | |
| Objectors - Appellants, | |
| _____, | |
| NEW CINGULAR WIRELESS SERVICES, INC., a Delaware corporation, FKA AT&T Wireless Services, Inc.; AT&T MOBILITY CORPORATION, a Delaware corporation, FKA Cingular Wireless Corporation; AT&T MOBILITY LLC, a Delaware limited liability company, FKA Cingular Wireless LLC, | |
| Defendants - Appellees. | |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| HEATHER STERN, on behalf of herself and all others similarly situated, | No. 10-57062 |
| Plaintiff - Appellee., | D.C. No. 8:09-cv-01112-CAS-AGR |
| NEW CINGULAR WIRELESS SERVICES, INC., a Delaware corporation, FKA AT&T Wireless Services, Inc.; AT&T MOBILITY CORPORATION, a Delaware corporation, FKA Cingular Wireless Corporation; AT&T MOBILITY LLC, a Delaware limited liability company, FKA Cingular Wireless LLC, | |
| Defendants - Appellees., | |
| v. | |
| KARIN LYNCH, | |
| Objector - Appellant, | |
| _____, | |
| MARC GAMBELLO; GENE HOPKINS, | |
| Objectors. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted May 8, 2012
Pasadena, California

2

Before: PREGERSON, REINHARDT, and BERZON, Circuit Judges.

The district court certified a settlement class and approved a proposed settlement between Plaintiffs-Appellees Heather Stern et al., ("Plaintiffs") and Defendant-Appellee AT&T Wireless Services, Inc. ("AWS").[1] In a separate order, the court also approved Plaintiffs' application for attorneys' fees, reimbursement of expenses to class counsel, and incentive awards for class representatives. Objector-Appellants Karin Lynch, Marc Gambello, and Gene Hopkins (collectively, "Objectors") appeal both orders, arguing that the district court did not adequately scrutinize either the proposed settlement or the fee petition. We affirm.[2]

---

[1]The defendants-appellees in this action include: New Cingular Wireless Services, Inc. f/k/a AT&T Wireless Services, Inc.; AT&T Mobility Corporation f/k/a Cingular Wireless Corporation; and AT&T Moblity LLC f/k/a Cingular Wireless LLC. These companies are successors-in-interest to AWS or its former parent company, but the claims in the underlying lawsuit relate to AWS's alleged actions. We therefore refer to Defendants collectively as AWS.

[2]We grant Objector-Appellant Lynch's unopposed motion for judicial notice of documents filed in *Stern v. AT&T Mobility Corp. f/k/a Cingular Wireless Corp.*, Case No. CV-05-8842 [*Stern I*]. We also grant Plaintiffs' motion for judicial notice of documents filed in *Randolph v. AT&T Wireless Servs., Inc.* (State of California, Alameda County Superior Court No. RG05193855) and *Schnall v. AT&T Wireless Servs., Inc.* (State of Washington, King County Superior Court No. 02-2-05776-4). We do not notice the relevant documents for the truth of the propositions asserted therein. *See M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983)

3

1. The district court more than adequately scrutinized the proposed settlement. Indeed, the district court did a most thorough and excellent job throughout these proceedings. In determining whether to grant final approval, the district judge considered a variety of factors, including: the strength of Plaintiffs' case and the possibility of no recovery; the risk that AWS would succeed in enforcing arbitration in jurisdictions outside of California; the risk that the Supreme Court would change the California law regarding arbitration (as it did) in *Concepcion*; the propriety of class certification; the benefit to individual class members; the extent of the release; and the state of the proceedings in the consolidated cases. The court's decision to approve the settlement, in light of these considerations, was not a clear abuse of discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). In particular, the district court did not err in determining that the claims procedure was appropriate.

2. The district court also adequately scrutinized Plaintiffs' request for attorneys' fees, reimbursement of expenses, and incentive awards for the class representatives. In granting the requested fees, the district judge reviewed class counsel's summaries of the time they spent on the case and the fees applicable for the services rendered. The court did not abuse its discretion by declining to conduct a more intensive inquiry, *see Lobatz v. U.S. West Cellular of Cal., Inc.*,

222 F.3d 1142, 1148–49 (9th Cir. 2000), nor was it error to consider, in cross-checking the fees against the recovery, the potential recovery rather than the claims actually made, *see Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (per curiam). The documentary evidence in the record adequately supports the district court's grant of incentive awards to the class representatives.

**AFFIRMED.**